IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MARCO GOMEZ,                        )
                                    )
            Plaintiff,              )
                                    )
v.                                  )   Case No. CIV-13-351-D
                                    )
INSTITUTIONAL GANG                  )
INVESTIGATIONS UNIT, *et al.*,      )
                                    )
            Defendants.             )

**ORDER**

This matter comes before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B). Upon initial screening, Judge Purcell recommends dismissal of the action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) for failure of the Second Amended Complaint to state a claim upon which relief can be granted. Plaintiff has filed a timely written objection. Thus, the Court must make a *de novo* determination of the portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff, a California inmate appearing *pro se* and *in forma pauperis*, seeks declaratory and injunctive relief and damages under 42 U.S.C. § 1983 for the alleged violation of his constitutional right of due process when officials of the California Department of Corrections and Rehabilitation (CDCR) classified him as an associate of a prison gang or disruptive group. The classification occurred pursuant to California

regulations while Plaintiff was housed at the North Fork Correctional Facility (NFCF), a private prison in Sayre, Oklahoma, and it resulted in his placement in administrative segregation. Plaintiff filed suit in the United States District Court for the Eastern District of California, but the case was transferred to this judicial district pursuant to 28 U.S.C. § 1406(a) to cure a perceived defect in venue.

After examining the factual allegations of the Second Amended Complaint and attached exhibits, Judge Purcell concludes that Plaintiff has failed to allege sufficient facts to establish personal jurisdiction over CDCR employees in this Court, that Plaintiff has failed to allege personal participation of the NFCF warden[1] in the alleged constitutional violation, and that Plaintiff has not alleged a plausible claim of a denial of due process. The last conclusion is based on the Supreme Court's holding in *Wilkinson v. Austin*, 545 U.S. 209, 225-29 (2005), that sufficient procedural safeguards for an inmate's maximum security placement were provided by "informal, non-adversarial procedures," involving notice of the factual basis for the classification, an opportunity for rebuttal, a short statement of reasons, and multiple levels of administrative review. It is also based on the Ninth Circuit's holding in *Bruce v. Yist*, 351 F.3d 1283, 1287 (9th Cir. 2003), that constitutional due process for a gang classification decision under the California validation procedure at issue in this case requires that an inmate receive notice of the charges against him and an opportunity to

---

[1] Plaintiff alleges that "Defendant. F. Figueora [sic]" is the warden of NFCF, which is accepted as true. *See* Second Am. Compl. [Doc. No. 23], ¶ 13. However, Fred Figueroa is now the former warden, having been replaced in 2012.

2

present his views, and must satisfy the "some evidence" standard of *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).

In his Objection, Plaintiff challenges each of Judge Purcell's conclusions. Regarding jurisdiction, Plaintiff notes that he initiated this action in California, where CDCR and its employees are based; he contends this case should not be dismissed but, if there is a jurisdictional problem, it should be transferred back to California. Regarding Warden Figueroa, Plaintiff asserts that the warden was in charge of NCFC when CDCR employees came there to conduct gang validation procedures and, therefore, he "should have known and stopped these Due Process violations that were occurring under his authority." *See* Pl.'s Objection [Doc. No. 32] at 7. Finally, Plaintiff contends the factual allegations of his verified pleading, together with the declarations of other inmates submitted with the Objection, show that he did not receive "his mandatory pre-validation interview" or meeting with Institutional Gang Investigators (IGI) before a decision was made (*see id*. at 2), and that false documents were used to support his validation as a gang member. Two allegedly false documents are described in his pleading – one report stating he refused to participate in an interview and another report stating he received an interview.[2] In Plaintiff's view, the lack of a personal interview violates due process.

Upon *de novo* consideration of the issues raised by Plaintiff's Objection, the Court declines to adopt the recommendation for dismissal of some defendants on jurisdictional

---

[2] Plaintiff also alleges other documents were fabricated, but his supporting factual allegations show that he simply disagrees with the substance of these documents.

3

grounds. Although Judge Purcell is correct that the Tenth Circuit has authorized a district court to consider personal jurisdiction and venue *sua sponte* under § 1915, the district court may do so "only when the defense is obvious from the face of the complaint and no further factual record is required to be developed" and "only if it is clear that the plaintiff can allege no set of facts to support personal jurisdiction or venue." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (internal quotations and citations omitted). Assuming that the appropriate jurisdictional inquiry is sufficient minimum contacts with Oklahoma, it appears from Plaintiff's factual allegations that some CDCR employees were personally involved in the "Operation Thunder Strike" validation program at NCFC, that the conduct of which Plaintiff complains occurred in this state, and that the conduct was directed at him while he was a resident of Oklahoma. The Court finds this case does not present the sort of limited circumstances in which personal jurisdiction may properly be considered as part of the initial screening under § 1915 and § 1915A.

The Court rejects, however, Plaintiff's opposition to dismissal of Warden Figueroa. Plaintiff's argument on this issue makes clear that he is asserting a claim of supervisory liability based on Warden Figueroa's alleged failure to prevent constitutional violations by others. On this issue, the Court cannot add significantly to Judge Purcell's analysis. For the reasons stated in the Report, the Court finds that the Second Amended Complaint fails to state a plausible § 1983 claim against Defendant Figueroa.

Similarly, upon careful examination of the factual allegations of Plaintiff's pleading, as well as the arguments stated in his Objection, the Court finds that the Second Amended

Complaint fails to state a plausible § 1983 claim of denial of due process. Plaintiff's claim hinges on the failure of CDCR employees to provide a personal interview, or meeting with IGI officers, before the classification/validation decision was made. The Court agrees with Judge Purcell that the alleged "mandatory pre-validation interview" on which Plaintiff relies to establish a due process violation is not a constitutional requirement. *See* Pl.'s Objection [Doc. No. 32] at 2. Further, the fact that CDCR employes may have violated California law or regulations, or a settlement agreement in another case (*see* Objection at 2), does not establish a violation of the Fourteenth Amendment. Plaintiff's allegations make clear that he received notice of the factual basis for the classification decision and an opportunity to present his views, and that the decision was supported by some evidence. The informal procedures allegedly used by CDCR officials to classify Plaintiff as an associate of a prison gang or disruptive group satisfied the constitutional minimum required by the Due Process Clause. Therefore, Plaintiff has failed to state a claim upon which relief may be granted under § 1983.

For these reasons, the Court concurs in Judge Purcell's finding that the Second Amended Complaint should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Further, when final, this dismissal should count as a "prior occasion" for purposes of 28 U.S.C. § 1915(g).

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 25] is ADOPTED to the extent set forth herein. This action is DISMISSED without prejudice to refiling. Judgment shall be entered accordingly.

IT IS SO ORDERED this 30th day of December, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE